Eric J. Benink, Esq., SBN 187434
eric@kkbs-law.com
Mary K. Wyman, Esq. SBN 260104
mwyman@kkbs-law.com
KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA 92101
Tel: (619) 232-0331
Fax: (619) 232-4019

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE KELLER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEC ENTERTAINMENT, INC., a Kansas corporation, and DOES 1-10,<br><br>Defendants. | Case No. **'11CV0629 WQHPOR**<br><br>COMPLAINT<br><br>CLASS ACTION<br><br>JURY TRIAL DEMAND |

Plaintiff Denise Keller ("Keller" or "Plaintiff"), by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself and her acts, and as to all other matters upon information and belief based upon, *inter alia*, the investigations made by her attorneys, as follows:

## I.
## NATURE OF THE ACTION

1. CEC Entertainment, Inc. ("CEC") owns and operates hundreds of Chuck E. Cheese's family restaurants that feature games, rides, prizes, food and entertainment for children.

Complaint                              1

Most of the games require Chuck E. Cheese's tokens which can be purchased for $.25 per token and offer children a chance to win tickets after the game is finished. Children exchange the tickets they collect during the visit for prizes. Unfortunately, many games found at Chuck E. Cheese's restaurants are illegal gambling devices that require little or no skill and are predominantly games of chance, much like a roulette wheel. With rare exception (none of which exist here), gambling is illegal in California. Plaintiff brings this action on behalf of a class of persons who have played these illegal devices at Chuck E. Cheese's restaurants in California. She seeks restitution from CEC and an injunction prohibiting it from offering these devices to its customers in the future.

## II.
## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §1332(d) as the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the plaintiff class is a citizen of a different state than at least one defendant. The state law claim raised herein is subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue in this district is proper under 28 U.S.C. § 1391 as the CEC transactions at issue emanated from San Diego County, California and CEC is subject to personal jurisdiction in this district.

## III.
## PARTIES

3. Plaintiff Denise Keller is and was at all relevant times, a California citizen, domiciled in San Diego, California. She is the mother to two girls, Kylie (3 years old) and Mackenzie (5 years old).

4. Defendant CEC Entertainment, Inc. is and was at all relevant times, a Kansas corporation with its principal place of business in Irving, Texas, operating and conducting business throughout California including in San Diego county. It is a publicly-traded corporation whose shares trade on the New York Stock Exchange under the ticker symbol "CEC." It is the owner and operator of 507 Chuck E. Cheese's restaurants in forty-eight states.

5.  Plaintiff is not aware of the true names and capacity of defendants sued herein as DOES 1 through 10 inclusive and, therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously-named defendants is in some manner responsible for the acts, omissions, injuries and/or damages alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously-named defendants when the same have been ascertained.

6.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the agent, employee, representative, partner, joint venture, and/or alter ego of each of the other defendants and, in doing the things alleged herein, was acting within the course and scope of such agency, employment or representation, on behalf of such partnership, joint venture, and/or as such alter ego with the authority, permission, consent, and/or ratification of each of the other defendants.

## IV.
## SUBSTANTIVE ALLEGATIONS

7.  Chuck E. Cheese's is a family restaurant that features games, rides, prizes, food and entertainment for children. Its website claims that Chuck E. Cheese's is a "great place to take the kids for everyday fun or for special occasions such as birthdays, play groups and school fundraising events." It markets the Chuck E. Cheese's restaurants as a safe, wholesome environment where kids can laugh, play and enjoy being kids.

8.  A major component of Chuck E. Cheese's restaurants is their arcade-style game rooms. The arcades contain a variety of games and rides. The majority of these games are operated by inserting into the machine Chuck E. Cheese's tokens which are purchased by customers for $0.25 each. At the conclusion of the game, most of the machines dispense a handful of tickets that can be redeemed for various prizes at a prize center. For example, for 100 tickets earned by playing 25 games, a child might be able to obtain a plastic ring or a piece of candy.

9.  Despite marketing itself as a wholesome place for children's entertainment, a significant percentage of the machines are illegal gambling devices. The following is a

description of a few of the illegal games at the Chuck E. Cheese's restaurant at Grossmont Center in La Mesa, California:

a) *Thunderation* consists of a vertical spinning wheel with numerous prongs protruding from it. The customer inserts a token at the top of the machine and lets the token drop onto the spinning wheel. The token then randomly bounces off of the spinning prongs until it is eventually dropped into one of the buckets at the bottom of the wheel. Depending on which bucket the token lands in, the customer receives a set number of tickets.

b) *Wheel of Fortune* is a coin-pusher machine. The customer deposits a token in a slot near the top of the machine and the token slides down a chute where it rolls and bounces to a resting position on a tray below. The machine has an automated pusher arm that sweeps back and forth on the tray. The tray contains hundreds of other tokens that have piled up near a ledge. Based on where the token lands, there is a possibility that the newly-deposited token will cause the pusher arm to push one or more of the other tokens over the ledge and into a collection tray. The number of tokens that fall into the collection tray determine the amount of tickets the player receives. There is no ability to control or predict whether tokens will fall into the collection tray.

c) *Big Bass Wheel* closely resembles the wheel featured on the *Price Is Right* television game show. Customers deposit a token into the game and then turn a crank as fast as they can. The crank spins a large wheel that has numbers printed on it. The customer wins an amount of tickets equal to the number on which the wheel stops. There is no ability to control or predict where the wheel will rest.

10.   CEC owns, stores, possesses, leases, and permits the operation, placement, maintenance, and keeping of "slot machines" as that term is defined in Penal Code § 330b(d) in violation of Penal Code § 330b(a). While Section 330b(f) provides an exception for games that are "predominantly games of skill," this exception does not apply to many games found at Chuck E. Cheese's restaurants including the games identified above and many others. Unlike many arcade games (e.g. Pac-Man, racing games, Skeeball, etc.) which require hand-eye coordination,

concentration, and physical skill, the outcome of operation of many games at Chuck E. Cheese's is based entirely or predominantly on chance or hazard. In other words, the players have no ability to control the outcome.

11. Upon information and belief, the illegal games are highly profitable for CEC because they last only a few seconds and the chance to win dozens of tickets entice children to play repeatedly, much like a casino slot machine. Machine gambling is one of the most addictive forms of gambling. These games are highly addictive, involve rapid-restaking, and encourage the players to chase their losses. Young people are especially vulnerable to the attractions of gambling.

12. Gambling addiction is a serious and devastating problem for many adults. According to a recent study by the University of Buffalo's Research Institute on Addiction, problem gambling is more common among adults than alcohol dependence. Children who start gambling early in childhood are at increased risk for developing a gambling problem later in life. Placing illegal gambling devices in arcades ostensibly created for amusement perpetuates confusion between play and dangerous habit-forming activities. The fact that the stakes are relatively low is of no consequence to a child, whose allowance or allotted tokens provided by his parents are at stake on a visit to Chuck E. Cheese's; the games create the same highs and lows experienced by adults who gamble their paychecks or mortgage payment.

13. Keller and her children have paid for tokens and played these illegal games on numerous occasions at the Grossmont Center Chuck E. Cheese's. One of the reasons they played these games was for an opportunity to win tickets in order to redeem the tickets for prizes. Keller recently realized that some of the games her children were playing involved little or no skill. Had Keller known that the machines were gambling devices, she would not have exchanged her money for Chuck E. Cheese's token and allowed her children to participate in gambling activities. The prizes that Plaintiff and her children ultimately acquired in exchange for the tickets they received were worth far less than the value of the tokens they inserted into the machines.

14. On information and belief, CEC is aware that many of its machines involve no element of skill and thus, are illegal gambling devices. Some of the game instructions erroneously claim that the games involve "skill." CEC's Securities and Exchange Commission filings describe its games as "skill-oriented." CEC's characterizations reflect its awareness of the games' illegality.

## V.
## CLASS ALLEGATIONS

15. Plaintiff seeks to certify a Class pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (b)(3).

16. The Class is defined as follows:

> For the period of March 29, 2007 through the date of the trial, all California citizens who purchased tokens and played illegal gaming devices at a Chuck E. Cheese's restaurant located in California including, but not limited to:
>
> a) Thuderation
> b) Wheel of Fortune
> c) Big Bass Wheel
> d) Slap Happy
> e) Hat Trick
> f) Chuck E.'s Rubble Bubble
> g) Rollin' on 24's
> h) Ticket Troopers
> i) Jackpot Extreme
> j) Wonder Wheel
> k) Deal or No Deal

17. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of members in the proposed Class.

18. Common questions of law and fact exist as to all class members and predominate over any questions affecting solely individual class members.

19. Excluded from the class are defendants herein, any person, firm, trust, corporation, officer, director or other individual or entity in which the defendants have a controlling interest and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.

20. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.

21. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in consumer class action litigation.

22. The Defendant has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the injuries suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VI.
## CLAIMS FOR RELIF

### FIRST CLAIM FOR RELIEF
### Violation of Cal. Bus. & Prof. Code § 17200
### (Against CEC and DOES 1-10)

24. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

25. The California Unfair Competition Law ("UCL") (Bus. & Prof. Code §§ 17200, et seq.) prohibits acts of unfair competition, which include any "unlawful, unfair, or fraudulent business act or practice."

26. By its actions described above, Defendant violated and continues to violate the UCL in that it has engaged and continues to engage in unfair and unlawful business practices within the meaning of the UCL.

27. Defendant has engaged in unfair business practices and acts by wrongfully charging its customers, including Plaintiff and the Class, for the opportunity to play gambling devices and by promoting gambling to children in order to earn a profit. The harm caused by

Defendant's conduct outweighs any utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to consumers, including Plaintiff and class members. In addition, Defendant's conduct specifically violates public policies tethered to laws that were designed to protect the public welfare against the deleterious effects of gambling.

28.  Defendant has engaged in "unlawful" business practices by violating California Penal Code §§ 330a and 330b. Defendant's unlawful and unfair acts and practices are ongoing and continue to the date of this filing. Defendant has failed to publicly acknowledge the wrongful nature of its actions and has not corrected its unfair practice.

29.  As a direct and proximate result of these acts, Plaintiff and the Plaintiff Class have suffered injury in fact and have lost money and property in the form of money that was used to purchase Chuck E. Cheese's tokens. Defendant received and continues to hold monies belonging to Plaintiff and the Class.

30.  Plaintiff and the Plaintiff Class, pursuant to Bus. & Prof. Code § 17203, seek an order and/or judgment from the Court to enjoin Defendant from engaging in practices which constitute unfair competition and which may be necessary to restore to the Class, all monies wrongfully acquired by defendant by means of such practices, plus interest and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Rescission of Contract
### (Against CEC and DOES 1-10)

31.  Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32.  Plaintiff and Defendant entered into a contract wherein Plaintiff paid Defendant money for tokens and the opportunity to win tickets at Chuck E. Cheese's restaurants.

33.  California Civil Code Section 1667 provides that a contract is unlawful if it is contrary to an express provision of law. The contracts were illegal and unenforceable in that they violate California Penal Code §§ 330a and 330b.

34.  Plaintiff seeks to void the contract and to obtain restitution of all sums paid thereon.

### THIRD CLAIM FOR RELIEF
**Breach of Implied Contract**
**(Against CEC and DOES 1-10)**

35. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

36. Through the Parties' conduct, an implied contract existed.

37. Defendant charged and unjustifiably retained excessive sums of money from Plaintiff through wrongfully charging Plaintiff for the opportunity to play gambling devices and by promoting gambling to children in order to earn a profit.

38. Defendant was unjustly enriched at Plaintiff's and the Class's expense.

### FOURTH CLAIM FOR RELIEF
**Declaratory Relief**
**(Against CEC and DOES 1-10)**

39. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

40. An actual, present, and substantial controversy exists between Plaintiff and the Class, on the one hand, and Defendant on the other. Defendant contends that the gaming devices described above are legal. Plaintiff contends that the gaming devices are slot machines and illegal.

41. A declaration as to the respective rights and duties of the parties, pursuant to 28 U.S.C. §§ 2201 and 2202 is necessary and appropriate.

### PRAYER

Wherefore, Plaintiff requests judgment in favor of herself and the class and against Defendants, individually and jointly and severally, as follows:

A. A determination that this case may be properly maintained as a class action;

B. A determination that Plaintiff is a proper representative of the class and that Plaintiff's Counsel, Krause, Kalfayan, Benink & Slavens, LLP, are proper counsel on behalf of the class;

C. Equitable and injunctive relief enjoining Defendant from continuing to engage in the acts and practices alleged in this action;

Complaint                                                         9

D.  Damages, restitution and/or disgorgement in an amount to be determined at trial but not less than $5 million;

E.  A judicial declaration that the gaming machines are illegal;

F.  The expenses and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees as permitted by law; and

G.  Such other relief as the Court deems just and proper.

Dated: March 29, 2011

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

_____
Eric J. Benink, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Denise Keller hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: March 29, 2011

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

_____
Eric J. Benink, Esq.
Attorneys for Plaintiff

Complaint                                    11

₴JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DENISE KELLER, an individual, on behalf of herself and all others similarly situated,

**DEFENDANTS**
CEC ENTERTAINMENT, INC., a Kansas corporation, and DOES 1 -10,

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KRAUSE KALFAYAN BENINK & SLAVENS, LLP.
625 Broadway, Ste. # 635, San Diego, CA 92101 (619) 232-0331

Attorneys (If Known)

**'11 CV 0629 WQH POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 ~~Diversity~~ (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| ~~Citizen of This State~~ | ☒ 1 | ☐ 1 | ~~Incorporated or Principal Place of Business In This State~~ | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | ~~Incorporated and Principal Place of Business In Another State~~ | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
~~28 U.S.C §1332(d)~~ 28:1391
Brief description of cause:
The California Unfair Competition Law.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: March 29, 2011
Eric J. Benink, Esq.
SIGNATURE OF ATTORNEY OF RECORD
*/s/ E. Benink/*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                                                 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.